**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-02776-RM-MJW

GEMALTO S.A.,

    Plaintiff,

v.

CPI CARD GROUP INC.,

    Defendant.

_____

**OPINION AND ORDER**
_____

Pending before the Court is Defendant CPI Card Group Inc.'s ("defendant") motion to set aside the entry of default ("the set aside motion") (ECF No. 31). Plaintiff Gemalto S.A. ("plaintiff") has filed a response in opposition to the set aside motion (ECF No. 34), and defendant has replied (ECF No. 40). Plaintiff has also filed a motion for leave to file a sur-reply (ECF No. 41). Relatedly, plaintiff has filed a motion to strike defendant's answer to the complaint ("the motion to strike") (ECF No. 32). Defendant has filed a response to the motion to strike (ECF No. 33), and plaintiff has filed a reply (ECF No. 37).

For the reasons discussed herein, the set aside motion is GRANTED, the motion to strike is DENIED, and the motion for leave to file a sur-reply is DENIED.

**I.    Background**

On October 13, 2015, in the U.S. District Court for the Western District of Texas ("the Texas Court"), plaintiff filed a Complaint ("the Complaint") for patent infringement against defendant.

(ECF No. 1-35 at 2.) Thereafter, without submitting an answer to the Complaint, defendant filed a combined motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2) ("Rule 12(b)"), and, in the alternative, a motion to transfer to the District of Colorado ("the combined motion"). (ECF No. 1-14.) Following further briefing on the combined motion, on December 16, 2015, the Texas Court entered an Order granting the combined motion, in part, and denying the combined motion, in part. (ECF No. 1-34.) Specifically, the Texas Court granted the combined motion to the extent that plaintiff's patent infringement action was transferred to this District, but denied the combined motion "[i]n all other respects." (*Id*. at 11.)

As a result, the action was transferred to this Court and filed on December 21, 2015. Following the filing of a string of notices of appearance by attorneys for defendant on December 30, 2015 (ECF Nos. 9-11, 13-14), nothing occurred in this case until January 5, 2016, when plaintiff filed a motion for entry of default against defendant ("the default motion") (ECF No. 20). Therein, plaintiff asserted that, in light of the Texas Court denying the combined motion with respect to its Rule 12(b) component, the time to file an answer to the complaint expired on December 30, 2015, pursuant to Fed.R.Civ.P. 12(a)(4) ("Rule 12(a)").[1] (*Id*. at 2.) On the same day, defendant filed an opposition to the default motion (ECF No. 23), arguing that a responsive pleading in this case was not due until January 11, 2016—21 days after the Complaint was docketed with this Court, (*id*. at 1-2.) Defendant also asserted that plaintiff had not conferred with it, pursuant to D.C.Colo.L.Civ.R. 7.1, prior to filing the default motion. (*Id*. at 2-3.) Following plaintiff's reply

---

[1] Plaintiff did acknowledge, however, that the deadline to file an answer may have run through January 4, 2016, depending on the applicability of Fed.R.Civ.P. 6(d). (*See* ECF No. 20 at 2 n.1.)

(ECF No. 24), the Clerk of Court entered default against defendant on January 6, 2016, (ECF Nos. 26, 27).

One day later, defendant filed its answer to the Complaint, as well as counterclaims against plaintiff. (ECF No. 28.) On the next day, January 8, 2016, defendant filed the instant motion to set aside. (ECF No. 31.) At or near the same time, plaintiff filed the instant motion to strike. (ECF No. 32.) Since then, the parties have filed various responses and replies to the two motions pending before the Court. (ECF Nos. 33, 34, 37, 40.)

## II.     Legal Standard

A court may set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced by setting aside the default; and (3) whether the defendant presents a meritorious defense. *Pinson v. Equifax Credit Info. Services, Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009); *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995) (unpublished). However, a court need not consider each of these factors, and may consider other factors. *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

The good cause required for setting aside an entry of default under Fed.R.Civ.P. 55(c) ("Rule 55(c)") "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Associates., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The preferred disposition of any case is upon its merits and not through default. *Gomes v. Williams*, 420 F.2d

1364, 1366 (10th Cir. 1970). Setting aside a default entry is addressed to the sound discretion of a district court. *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

**III.    Discussion**

    **A.    Motion to Set Aside the Entry of Default**

The first consideration is the culpable conduct, if any, of defendant. Conduct is considered culpable if a party defaults willfully or has no excuse for the default. *Hunt*, 1995 WL 523646, at * 3. An example of culpable conduct is having actual notice of a complaint and failing to respond to it without evidence of good cause or an excuse for the failure. *Id*. at *3-4. Here, there is no such example of culpable conduct. Instead, the record reflects that defendant's attorneys made a mistake in calculating when an answer should have been filed.

The root of defendant's mistake was the transfer order from the Texas Court. Therein, as well as ordering that this case be transferred, the Texas Court also denied, "[i]n all other respects," the combined motion. (ECF No. 1-34 at 11.) The result of denying the combined motion in all other respects was that defendant's request for dismissal under Rule 12(b)(2) was denied. This, in turn, triggered the 14-day filing deadline, under Rule 12(a)(4)(A), for a responsive pleading to the Complaint. Perhaps unaware of this provision, and/or perhaps more focused on measuring the responsive-pleading deadline from the date of filing the Complaint in this Court, defendant's attorneys believed that an answer was not due until January 11, 2016. (*See* ECF No. 23 at 1-2.) While this may not have been attentive lawyering, the fact that this belief was wrong is not reason, standing alone, to bypass the merits of this case, given that the case has just begun and there is no evidence that the belief was anything other than genuine. (*See* ECF No. 23 at 1-2 (insisting that the answer deadline was January 11, 2016)); *Hunt*, 1995 WL 523646, at *3 (requiring conduct to be

willful). To the extent that plaintiff argues that defendant's conduct was willful for not timely responding to the complaint, the facts here do not support that argument. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (explaining that the failure to answer requires acting for the purpose of interfering with decisionmaking or manipulating the legal process).

This is especially the case where, as here, defendant's attorneys quickly thereafter finally saw the light emerge through their erroneous ways. Specifically, two days after the entry of default on January 6, 2016 (ECF No. 27), defendant's moved to set it aside. (ECF No. 31.) In addition, even before moving to set aside default, defendant's also filed an answer to the Complaint. (ECF No. 28.) Promptly moving to set aside default is evidence of good faith. *See Pinson*, 316 F. App'x at 750 (explaining that a party's good faith was evidenced by moving to set aside default six days after its entry).

Plaintiff argues that defendant's conduct in failing to timely file an answer was "culpable conduct" because it represented an error of law. (ECF No. 34 at 4.) The cases to which plaintiff cites in that regard plainly do not support its contention that committing an error of law constitutes culpable conduct. The first case plaintiff cites is problematic, not only because plaintiff fails to provide a pinpoint cite, but, more importantly, because the court in that case found that no culpable conduct had taken place and noted that a party's "good faith but mistaken belief regarding procedural questions" does not amount to culpable conduct. *See Davidson v. Bank of Am. N.A.*, 2015 WL 854766, at *3-5 (D. Colo. 2015). As for the second case, it states only that a legally sophisticated party "may be considered culpable 'if the defendant has received actual or constructive notice of the filing of an action and failed to answer.'" *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d

5

at 1093.  The above statement is similar to the Tenth Circuit Court of Appeals' guidance in *Hunt*. However, as explained *supra*, defendant has provided an excuse for its default and demonstrated good faith in its post-default conduct.  Thus, to the extent *Mesle* is relevant in this regard, it does not help plaintiff's argument.[2]

Turning to the second consideration, the Court can discern no prejudice to plaintiff from defendant's default.  Plaintiff argues that it has "incurred significant prejudice" due to the motion practice caused by defendant's default.  (ECF No. 34 at 10.)  It is hard for the Court to understand, though, how the filing of a response to the set aside motion has resulted in "significant" prejudice to plaintiff.  Putting that to one side, plaintiff also asserts that "[e]very day counts" in this action. (*Id*.)  This may be true, and, thus, it is noteworthy that defendant moved to set aside default within two days of its entry.[3]

The final consideration is the merit of the defense.  At this juncture it is difficult to ascertain whether there is any merit to the denials, defenses, and counterclaims raised in the answer.  In most respects those defenses and claims are factually threadbare, merely denying plaintiff's factual assertions without further development and asserting defenses and claims in a largely conclusory

---

[2] Plaintiff also cites to cases for the proposition that a mistake of law does not constitute excusable neglect.  As noted *supra*, however, the good cause standard under Rule 55(c) is not the same as the excusable neglect standard under Fed.R.Civ.P. 60(b).  *See Garberg*, 115 F.3d at 775 n.6.  To the extent that the Ninth Circuit Court of Appeals' decision in *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001), suggests that the difference between the two standards is "one of degree," this Court is not persuaded, especially in light of defendant's demonstration of good faith following the entry of default.

[3] Plaintiff also claims that defendant has "consciously deviate[d]" from the rules of civil procedure in filing an answer.  (ECF No. 34 at 10.).  As to this, the Court will only note that the parties should be careful of throwing rocks in glass houses.  In its response to the default motion, defendant claimed that plaintiff's counsel violated the local rules by failing to confer prior to filing the default motion.  (ECF No. 23 at 2-3.)  Plaintiff has not disputed this claim.

fashion.[4] (*See generally* ECF No. 28.) Similarly, however, it is also hard to ascertain at this juncture the merit of the allegations in the Complaint, as the Complaint is hardly a model of clarity in explaining how defendant has infringed plaintiff's patent. (*See* ECF No. 5 at ¶¶ 11-13.) Thus, based on this record, the final consideration weighs neither for or against defendant.

Nonetheless, in light of the first and second considerations weighing in defendant's favor, as well as the fact that this Circuit prefers cases resolved on the merits, *see Gomes*, 420 F.2d at 1366, the Court finds that the setting aside of default against defendant is appropriate in this instance. *See Davidson*, 2015 WL 854766, at *6 (granting motions to set aside defaults against two parties, while finding that the parties had failed to show the existence of a meritorious defense). Accordingly, the set aside motion is GRANTED.[5]

### B.  Motion to Strike Defendant's Answer

In light of the Court's findings with respect to the setting aside of default against defendant, plaintiff's motion to strike is DENIED. Although plaintiff is correct in asserting that defendant failed to move for an extension of time to file its answer or for leave to file an out-of-time answer (ECF No. 32 at 3), in the interests of judicial economy, the Court will not require defendant to re-file the answer at this point. As plaintiff itself asserts, "[e]very day counts." (ECF No. 34 at 10.) The Court notes, however, its expectation that both parties will observe and fully comply with the Federal

---

[4] For example, defendant's third affirmative defense reads as follows: "The claims of the '83 Patent are invalid and/or void for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq.…" (ECF No. 28 at 9.)

[5] Thus, the motion for leave to file a sur-reply (ECF No. 41) is DENIED, as the purpose of that motion is to inform the Court that defendant used "a computer program rather than a lawyer to calculate its obligations under the Federal Rules." (ECF No. 41-1 at 2.) Even if true, this does not affect the Court's analysis.

Rules and Local Rules of Civil Procedure going forward. Any failure to do so will be at the respective party's own risk.

### IV.     Conclusion

For the reasons set forth herein, the Court:

(1)   GRANTS defendant's motion to set aside the entry of default (ECF No. 31); to wit, the Court ORDERS the Clerk of Court to set aside the entry of default (ECF No. 27); and

(2)   DENIES plaintiff's motion to strike defendant's answer to the complaint (ECF No. 32) and plaintiff's motion for leave to file a sur-reply (ECF No. 41).

**SO ORDERED.**

DATED this 20th day of January, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge